IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FILADELFO COLCHADO BENITEZ, <br><br> *Petitioner*, <br><br> v. <br><br> BONDI, *et al.*, <br><br> *Respondents*. | § <br> § <br> § <br> § <br> §    No. 1:26-CV-00099 <br> § <br> § <br> § <br> § <br> § <br> § |

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Filadelfo Colchado Benitez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1), and Federal Respondents' Abbreviated Response (Dkt. # 4).

The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and the relevant law, the Court **GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that follow.

FACTUAL BACKGROUND

Petitioner Colchado Benitez is a citizen of Mexico who is currently detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 1.) In or around 2001, Petitioner entered the United States without inspection. (Id.) He

has resided in the United States since then. (Id.) Petitioner is married and has three U.S. citizen children, ages 21, 19, and 13. (Id. at 4.)

On January 7, 2026, Petitioner was detained by DHS after being stopped by Texas State Troopers for an alleged traffic violation. (Id. at 2.) Petitioner is being held without the opportunity for a bond hearing. (Id. at 1.)

PROCEDURAL HISTORY

On January 15, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. # 1.) On January 21, 2026, this Court ordered Respondents Charlotte Collins, Warden, T. Don Hutto Detention Center; Miguel Vergara, Director of San Antonio Field Office, United States Immigration and Customs Enforcement and Removal Operations; Todd M. Lyons, Acting Director of United States Immigration and Customs Enforcement; Kristi Noem, Secretary of the United States Department of Homeland Security; and Pamela Jo Bondi, Attorney General, United States Department of Justice (collectively, "Respondents") to show cause within three days as to why the petition should not be granted. (Dkt. # 3.)

Respondents Miguel Vergara, Todd Lyons, Kristi Noem, and Pamela Jo Bondi (herein, "Federal Respondents")[1] timely filed an abbreviated response to

---

[1] Respondent Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

2

the Petition for Writ of Habeas Corpus to preserve their legal arguments and conserve judicial and party resources. (Dkt. # 4.) They acknowledge that, because there are no material differences between this case and the prior rulings of other courts in this District concerning similar challenges, "the Court can decide this matter without delay."[2] (Id. at 2, 4.) Federal Respondents ask that the Court incorporate the filings in those prior cases[3] into the record of this habeas action. (Id. at 2.)

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." Buenrostro-Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (internal citation and quotations omitted); 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and

---

[2] Respondents point out that the date of birth stated in Petitioner's habeas petition does not match the date of birth on the government's forms. However, given that the A-number, name, citizenship, detention facts, and detention date all match, the Court is satisfied this is the same individual.

[3] Specifically, Federal Respondents ask the Court to incorporate the filings in the following matters: Navarro v. Bondi et al., No. 5:25CV1468-FB (W.D. Tex. Dec. 2, 2025); Estupinan Reyes v. Thomspon et al., No. 5:25CV1590-XR (W.D. Tex. Dec. 12, 2025); Acosta-Balderas v. Bondi et al., No. 5:25CV1629-JKP (W.D. Tex. Dec. 11, 2025); Tisighe v. De Anda-Ybarra et al., 3:25CV593-KC (W.D. Tex. Dec. 5, 2025); Chauhan v. Noem et al., 3:25CV574-DB (W.D. Tex. Dec. 8, 2025); and Gvedashvili v. Mooneyham et al., 6:25CV552-ADA-DTG (W.D. Tex. Dec. 22, 2025). The Court has reviewed the briefings in Federal Respondents' cited cases and will incorporate herein Federal Respondents' legal arguments in those cases.

because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." <u>Villanueva v. Tate</u>, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" <u>Id.</u> (quoting 28 U.S.C. § 2243).

## DISCUSSION

Petitioner challenges his detention without bond under the "mandatory detention" provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(2). (Dkt. # 1 at 25.) He asserts that his detention under this provision is a violation of his due process rights. (Dkt. # 1 at 24–25.) After reviewing the briefing, provided evidence, and relevant law, the Court grants the petition for the same reasons stated in <u>Campuzano v. Noem</u>, No. 1:25-CV-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan. 6, 2026); <u>Fabian-Granados v. Bondi</u>, No. 1:25-CV-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); <u>Silva v. Bondi</u>, No. 1:25-CV-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026). The factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions.

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition;

(2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b)(2); and (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented.  Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus.  (Dkt. # 1.)  It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Filadelfo Colchado Benitez from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on February 3, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel by email (maria@oconnorimmigration.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner under the asserted detention authority, 8 U.S.C. § 1225.  If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

4. The parties shall **FILE** individual status reports no later than **6:00 p.m. February 4, 2026**, detailing their compliance with this Order.

A final judgment will be issued separately.

    **IT IS SO ORDERED**.

    **DATED**: Austin, Texas, February 2, 2026.

_____
David Alan Ezra
Senior United States District Judge